# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**ROBERT HEARD,**

    Plaintiff,

v.

**UNITED STATES ATTORNEY GENERAL, et al.,**

    Respondents.

Civil Action No. 7:16-CV-15 (HL)

## ORDER

Petitioner Robert Heard has filed a *pro se* Petition for Writ of Mandamus and has also moved for leave to proceed *in forma pauperis* ("IFP") (Doc. 7). After conducting a preliminary review of the petition, the Court concludes that, even when liberally construed, the pleading does not state a legitimate claim for mandamus relief against any of the named Respondents. The Petition for Writ of Mandamus is accordingly dismissed. Petitioner's motion to proceed IFP is granted only for the purposes of this dismissal.

### I.  MOTION TO PROCEED IFP

The Court has reviewed Plaintiff's Motion to proceed *in forma pauperis* ("IFP"). (Doc. 7). Pursuant to 28 U.S.C. § 1915(a), a district court must determine whether the statements contained in an IFP affidavit satisfy the requirement of poverty. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004).

Although a litigant does not have to prove he is "absolutely destitute" to qualify under § 1915(a), he must show that "because of his poverty, [he] is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Id. (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 338-40 (1948)). After reviewing Plaintiff's application to proceed IFP, the Court finds that he is unable to pay the costs and fees associated with this lawsuit and also manage the expenses of his household. Accordingly, Plaintiff's amended Motion for Leave to Proceed IFP (Doc. 7) is granted. This case shall proceed without the prepayment of fees.

## II.  PRELIMINARY REVIEW

Because Plaintiff is proceeding IFP, the Court is required to screen the Complaint and to dismiss it, or any portion thereof, if it (1) is frivolous or malicious; (2) fails to state a claim for which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" and the legal theories "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

The standard for failing to state a claim under § 1915(e)(2)(B)(ii) is the same as that articulated in Federal Rule of Civil Procedure 12(b)(6). Thus, a complaint is subject to dismissal for failure to state a claim when it does not

include sufficient factual matter, taken as true, to permit a "reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, since Plaintiff is proceeding *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

Through this action, Petitioner asks this Court to issue a writ of mandamus requiring the United States Attorney General, the Department of Justice, the United States Congress, and the United States Senate to conduct an investigation into alleged human rights and equal protection violations committed against Petitioner. Petitioner states that he has alerted Respondents to unspecified instances of identity theft, murder, attempted murder, conspiracy to conceal felonious acts, and the filing of false statements by unnamed individuals or entities. According to Petitioner, by failing to act on these claims, Respondents have violated Petitioner's right to access the courts and breached their duty to protect Petitioner, resulting in physical harm and economic hardship to Petitioner.

Under the Mandamus Act, a district court may "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy which

should be utilized only in the clearest and most compelling of cases." <u>Cash v. Barnhart</u>, 327 F.3d 1252, 1257 (11th Cir. 2003) (quotation marks and alteration omitted). "The party seeking mandamus has the burden of demonstrating that its right to issuance of the writ is clear and indisputable." <u>In re BellSouth Corp.</u>, 334 F.3d 941, 953 (11th Cir. 2003) (quotation marks omitted). Mandamus relief is only appropriate when "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." <u>Cash</u>, 327 F.3d at 1258 (quotation marks and alteration omitted).

Plaintiff here has not satisfied his burden of showing that exceptional circumstances warrant issuance of a writ much less that he has a clear right to the particular relief he seeks, namely that the Court require Respondents to initiate an investigation into the alleged misconduct of other unknown persons. Furthermore, the "decision to investigate and prosecute crimes is entrusted to the executive branch." <u>Thibeaux v. United States Attorney Gen.</u>, 275 Fed.App'x 889, 892 (11th Cir. 2008) (citing <u>United States v. Smith</u>, 231 F.3d 800, 807 (11th Cir. 2000); U.S. Const., art. II, § 3). A district court thus lacks authority to issue a writ of mandamus requiring the initiation of investigations or prosecutions. <u>Id.</u> (citing <u>Otero v. United States Attorney Gen.</u>, 832 F.2d 141, 141-42 (11th Cir. 1987) ("prosecutorial discretion may not be controlled by a writ of mandamus")). Petitioner's pleading thus does not state a cognizable claim for mandamus relief.

### III.  CONCLUSION

The Petition for Writ of Mandamus (Doc. 1) is accordingly dismissed.

**SO ORDERED** this 30th day of June, 2016.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks